UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11546-GAO

PAUL SENATUS,
Plaintiff,

v.

BETH ISRAEL DEACONESS MEDICAL CENTER, et al.,
Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court directs the plaintiff to (1) pay the $350.00 filing fee or seek leave to proceed in forma pauperis; and (2) file an amended complaint.

I.     Background

On August 17, 2012, Paul Senatus, who appears to reside in Boston, filed a one-page document captioned as a complaint and a motion. This document is not entirely coherent, but the Court can glean from it that Senatus represents that he was in a serious automobile accident in January 2010, he was taken to Beth Israel Deaconess Medical Center in Boston for treatment, and in February 2010 he was sent to Lemuel Shattuck Hospital to receive rehabilitation services. Senatus attached to the complaint many pages of exhibits, most of which are medical records although some concern unrelated matters. The Court cannot discern any allegations of wrongdoing in the complaint.

**II.     Discussion**

    **A.     Filing Fee**

The fee to file a civil action is $350.00, see 28 U.S.C. § 1914(a), although an indigent litigant may proceed without prepayment of the filing fee, see 28 U.S.C. § 1915(a)(1).  Perhaps relying on his in forma pauperis status in another case, see Senatus v. McDonald, C.A. No. 12-11438-DPW[1], Senatus did not pay the fee or seek leave to proceed without prepayment of the fee.  If Senatus wishes to pursue this case, he must pay the filing fee or seek leave to proceed in forma pauperis.

    **B.     Screening of the Complaint**

Invoking a court's inherent power to review potentially frivolous actions, see Mallard v. United States Dist. Court, 490 U.S. 296, 307-308 (1989); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000), the Court reviews the complaint to determine whether it states a claim for relief.  Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).  In conducting this review, the Court construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

        **1.     Failure to State a Claim**

At a minimum, to state a claim for relief a complaint must include "a short and plain

---

[1] As the present complaint is unrelated to the allegations in Senatus v. McDonald, C.A. No. 12-11438-DPW, the Clerk properly opened a new case.

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, the complaint is subject to dismissal because Senatus has not set forth a short and plain statement of his claim. The Court cannot discern the alleged facts. To the extent the Court may reasonably infer some factual allegations from certain phrases in the complaint, it does not appear that Senatus is alleging any wrongdoing. The complaint also does not contain any indication of the causes of action the plaintiff seeks to bring. In short, the complaint is virtually incomprehensible, and a defendant could not provide a meaningful response to the allegations.

### 2. Subject Matter Jurisdiction

Federal courts are tribunals of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the

parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332"). "The existence of subject-matter jurisdiction 'is never presumed.'" Fafel, 399 F.3d at 410 (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." Id.

Here, it does not appear that I have subject matter jurisdiction over this action. Jurisdiction does not exist under § 1331 because the plaintiff has not identified a cause of action under federal law. Jurisdiction does not exist under § 1332 because Senatus has not alleged that the parties reside in different states or that the amount in controversy exceeds $75,000.

### C. Filing of an Amended Complaint

If Senatus wishes to pursue this action, he must file an amended complaint to replace the original complaint. In addition to compliance with Rule 8 of the Federal Rules of Civil Procedure, discussed above, the amended complaint should conform to the requirements of other federal rules. "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

### III. Conclusion

Accordingly:

1. If Senatus wishes to proceed with this action, he must, within thirty-five (35) days of the date of this order, either pay the $350.00 filing fee or file a new application to proceed in

forma pauperis.  Failure to comply with this directive will result of dismissal of this action without prejudice.

  (2) If Senatus wishes to pursue this action, he must, within thirty-five (35) days of the date of this Memorandum and Order, file an amended complaint that will replace the earlier-filed complaint.  Failure to comply with this directive will result of dismissal of this action without prejudice.


SO ORDERED.

 10/10/12              /s/ George A. O'Toole, Jr.
DATE                GEORGE A. O'TOOLE, JR.
                   UNITED STATES DISTRICT JUDGE